UNPUBLISHED

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

UNITED STATES OF AMERICA,
Plaintiff-Appellee,

v.                                                                    No. 98-4723

NORVELL ANDREWS,
Defendant-Appellant.

Appeal from the United States District Court
for the District of South Carolina, at Columbia.
Matthew J. Perry, Jr., Senior District Judge.
(CR-98-214)

Submitted: April 20, 1999

Decided: June 29, 1999

Before NIEMEYER and KING, Circuit Judges, and
PHILLIPS, Senior Circuit Judge.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

John H. Hare, Assistant Federal Public Defender, Columbia, South
Carolina, for Appellant. Eric William Ruschky, Assistant United
States Attorney, Columbia, South Carolina, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See
Local Rule 36(c).

**OPINION**

PER CURIAM:

Norvell Andrews was convicted pursuant to his guilty plea of transporting a stolen vehicle across state lines. Andrews' counsel has filed a brief pursuant to Anders v. California, 386 U.S. 738 (1967), alleging that the district court erred by failing to fully comply with Fed. R. Crim. P. 11 and by imposing restitution without inquiring into Andrews' ability to pay. Andrews has also filed a pro se supplemental brief alleging that his conviction should be overturned because he was not indicted for this offense by the State of South Carolina. Finding no reversible error, we affirm.

The facts of this case are straightforward and not in dispute. While conducting a routine check of vehicle tags via his onboard computer terminal, a South Carolina state trooper entered the license number of the vehicle Andrews was driving and found that it had been reported stolen from a dance studio in Georgia. The trooper arrested Andrews, and a subsequent examination of the vehicle revealed that the steering column and ignition system had been bypassed, the bench seats removed, and 4000 miles added to the odometer.

We review the adequacy of Andrews' guilty plea de novo and find no errors which substantially affected his rights. See United States v. Good, 25 F.3d 218, 219-20 (4th Cir. 1994). Our review of the record shows that the district court fully complied with the requirements of Rule 11 in all but three areas: (1) the court did not advise Andrews that it could depart from the Sentencing Guidelines* under certain circumstances; (2) the court failed to inform Andrews that it could order him to pay restitution; and (3) the court failed to advise Andrews that any false answers he gave under oath could subject him to prosecution for perjury. We find that none of these errors prejudiced Andrews in any way. The district court did not depart from the Guidelines, nor is there any suggestion in the record that Andrews gave false answers or that the Government intends to prosecute him for perjury. In addition, while the district court did not specifically advise Andrews con-

_____

*U.S. Sentencing Guidelines Manual (1998).

2

cerning restitution, the record shows that the court did advise him that it could impose a fine. The court also completely reviewed the terms of the plea agreement, which contained a provision stating that Andrews may be ordered to pay restitution.

Because Andrews did not object to the restitution order at sentencing, we review the district court's order for plain error and find none. See United States v. Olano, 507 U.S. 725 (1998). Counsel for both sides worked out an agreement concerning Andrews' sentence. In response to the court's questions, Andrews stated that he discussed the terms of the agreement, which included a restitution amount, with his attorney and agreed to it. We find that no further inquiry was required.

Finally, we reject Andrews' claim that his conviction is somehow deficient because he was not indicted in state court. This case represents a federal prosecution for a federal offense; indictment by the state is not necessary.

We have examined the entire record in this case in accordance with the requirements of Anders and find no meritorious issues for appeal. The court requires that counsel inform his client, in writing, of his right to petition the Supreme Court of the United States for further review. If the client requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on the client.

Accordingly, we affirm Andrews' conviction and sentence. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED